Gloria G. Medel, Esq., State Bar No. 199462
John B. Larson, Esq., State Bar No. 108813
LARSON & GASTON, LLP
200 South Los Robles Avenue, Suite 530
Pasadena, California 91101
Telephone: (626) 795-6001
Facsimile: (626) 795-0016

Attorneys for Plaintiff,
A.A.C. FOREARM FORKLIFT, INC.,
MARK A. LOPREIATO, and SOPHIA LOPREIATO

FILED

2013 MAY 17 PM 2:0?
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA - COUNTY OF ORANGE**

| | |
|---|---|
| A.A.C. FOREARM FORKLIFT, INC., a California Corporation; MARK A. LOPREIATO, an individual; SOPHIA LOPREIATO, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>TV PRODUCTS (USA), INC., a New York Corporation; MICHAEL VELEZ, an Individual; ALL STAR SOURCE, INC., a North Carolina Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. SACV13-669 CJC (PJWx)<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT; DEMAND FOR JURY TRIAL**<br><br>District Judge Cormac J. Carney<br><br>Magistrate Judge Patrick J. Walsh (Discovery)<br><br>Complaint Filed: April 29, 2013 |

25-21

Plaintiffs, A.A.C. FOREARM FORKLIFT, INC., MARK A. LOPREIATO, and SOPHIA LOPREIATO, for its First Amended Complaint for Patent Infringement against Defendants, TV PRODUCTS (USA), INC., MICHAEL VELEZ, and ALL STAR SOURCE, INC., alleges as follows:

**PARTIES**

1. Plaintiff, A.A.C. FOREARM FORKLIFT, INC. (hereinafter "Plaintiffs" or "A.A.C."), is a California Corporation, having its principal place of business at 205 North Aspan Avenue, Unit No. 5, Azusa, California 91702.

2. Plaintiff, MARK A. LOPREIATO (hereinafter "Plaintiffs"), is an individual, having its principal place of residence and/or place of business at 205 North Aspan Avenue, Unit No. 5, Azusa, California 91702.

3. Plaintiff, MARK A. LOPREIATO (hereinafter "Plaintiffs"), is an individual, having its principal place of residence and/or place of business at 205 North Aspan Avenue, Unit No. 5, Azusa, California 91702.

4. On information and belief, Defendant TV PRODUCTS (USA), INC., is a New York Corporation, having its principal place of business at 350 5th Avenue, Suite 7513, New York, NY 10118, and was at all times mentioned herein and relevant hereto engaged in business in the County of Orange, State of California.

5. On information and belief, Defendant ALL STAR SOURCE, INC., is a North Carolina Corporation, having its principal place of business at 3029 Varcroft Road, Knightdale, North Carolina 27545-6817, and was at all times mentioned herein and relevant hereto engaged in business in the County of Orange, State of California.

6. On information and belief, Defendant MICHAEL VELEZ, is an individual with his principal residence and/or principal place of business at 3029 Varcroft Road, Knightdale, North Carolina 27545-6817, and was at all times mentioned herein and relevant hereto engaged in business in the County of Orange, State of California.

7. On information and belief, Defendants are engaged in the design, manufacture, sale, market within the United States, offering for sale in the United States, use within the United States, importation into the United States, and/or sale after importation into the United States of adjustable lifting and moving straps. On information and belief, Defendants market and sell these products within the United States including, but not limited to, California through their channel business partners and various retailers, including through retail stores and company websites and third party websites.

**JURISDICTION AND VENUE**

8. This is an action for patent infringement arising under the patent laws of the United

States, Title 35, *United States Code.*

9. This Court has subject matter jurisdiction pursuant to 28 *U.S.C.* §§1331 and 1338(a).

10. On information and belief, Defendants are subject to personal jurisdiction in the Central District of California (the "District"), consistent with the principles of due process and the California Long Arm Statute, because Defendants offer their products for sale in this District, have transacted business in this District, have committed and/or induced acts of patent infringement in this District, and/or have placed infringing products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residence of this District.

11. Venue is proper in this District pursuant to 28 *U.S.C.* §§ 1391(b), 1391(c), 1391(d) and 1400(b).

**PATENT INFRINGEMENT COUNTS**

12. Plaintiffs are the owners of all rights, titles, and interest in U.S. Patent Nos. 7,731,069 and 6,039,376 (the "Patents"), which Defendants are infringing and/or inducing others to infringe by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States, products or processes that practice one or more inventions claimed in the A.A.C. Patent.

13. Defendants have profited through infringement of the A.A.C. Patent. As a result of Defendants' unlawful infringement of the A.A.C. Patent, Plaintiffs have suffered and will continue to suffer damage. Plaintiffs are entitled to recover from Defendants the damages suffered by Plaintiffs as a result of Defendants' unlawful acts.

14. On information and belief, Defendants' infringement of one or more of the A.A.C. Patents is willful and deliberate, entitling Plaintiffs to enhanced damages and reasonable attorney fees and costs.

15. On information and belief, Defendants intend to continue their unlawful infringing activity, and Plaintiffs continue to and will continue to suffer irreparable harm - for which there is no adequate remedy at law - from such unlawful infringing activity unless Defendants are enjoined by this Court.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 7,731,069**

16. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 15, above.

17. Plaintiffs are the owners of all rights, titles, and interest in the 7,731,069 Patent, entitled "Enhanced Forearm Furniture Leverage" (hereinafter "069 Patent"), duly and properly issued by the U.S. Patent and Trademark Office on June 8, 2010.

18. Upon information and belief, Defendants have been and/or are directly infringing and/or inducing infringement of and/or contributorily infringing the 069 Patent by, among other things, making, using, offering to see or selling in the United States, or importing into the United States, products and/or services that are covered by the 069 Patent and will continue to do so unless enjoined by this Court.

19. Upon information and belief, Defendants' infringement is willful and deliberate,

20. Plaintiffs have placed the required statutory notice on all of its products manufactured by A.A.C.

**COUNT II**

**INFRINGEMENT OF U.S. PATENT NO. 6,039,376**

21. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 20, above.

22. Plaintiffs are the owners of all rights, titles, and interest in the 6,039,376 Patent, entitled "Forearm Furniture Leverage Straps" (hereinafter "376 Patent"), duly and properly issued by the U.S. Patent and Trademark Office on March 21, 2000.

23. Upon information and belief, Defendants have been and/or are directly infringing and/or inducing infringement of and/or contributorily infringing the 376 Patent by, among other things, making, using, offering to see or selling in the United States, or importing into the United States, products and/or services that are covered by the 376 Patent and will continue to do so unless enjoined by this Court.

24. Upon information and belief, Defendants' infringement is willful and deliberate,

25. Plaintiffs have placed the required statutory notice on all of its products manufactured by A.A.C.

**DEMAND FOR JURY TRIAL**

26. Pursuant to Rule 38(b) of the *Federal Rules of Civil Procedure,* A.A.C. respectfully requests a trial by jury of all issues properly triable by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

A. For a judgment declaring that Defendants have infringed on each of the A.A.C. Patents;

B. For a judgment awarding Plaintiffs compensatory damages as a result of Defendants' infringement of the A.A.C. Patents, together with interest and costs, and in no event less than a reasonable royalty;

C. For a judgment declaring that Defendants' infringement of A.A.C. Patents has been willful and deliberate;

D. For a judgment awarding Plaintiffs treble damages and prejudgment interest under 35 *U.S.C.* § 284, as a result of Defendants' willful and deliberate infringement of the A.A.C. Patents;

E. For a judgment declaring that this case is exceptional and awarding Plaintiffs its expenses, costs, and attorneys' fees, in accordance with 35 *U.S.C.* §§ 284 and 285, and Rule 54(d) of the *Federal Rules of Civil Procedure*;

F. For a grant of permanent injunction pursuant to 35 *U.S.C.* § 283, enjoining the Defendants from further acts of infringement;

G. That Defendants be required to account for all gains, profits, advantages, and unjust enrichment, derived from its violations of law;

H. That Defendants be required to deliver to Plaintiffs, for destruction at Plaintiffs option, all products that infringe on the patent-in-suit; and

I. For such other and further relief as the Court deems just and proper.

Dated: May 14, 2013

Respectfully submitted,

LARSON & GASTON, LLP

By ______________________________

Gloria G. Medel, Esq., Attorneys for Plaintiff, A.A.C. FOREARM FORKLIFT, INC., MARK A. LOPREIATO, and SOPHIA LOPREIATO